IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CLARENCE DANIELS JR., <br><br> Plaintiff, <br><br> vs. <br><br> NATIONWIDE GENERAL INSURANCE COMPANY, et al., <br><br> Defendants. | CIVIL NO. 22-00296 JAO-RT <br><br> ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED OR TRANSFERRED FOR IMPROPER VENUE |

**ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED OR TRANSFERRED FOR IMPROPER VENUE**

On July 7, 2022, pro se Plaintiff Clarence Daniel, Jr. ("Plaintiff") commenced this action against Defendants Nationwide General Insurance Company, the City of Charlotte, the Charlotte Department of Transportation, Thomas Anthony Brown, and Morgan Alexa Brown (collectively, "Defendants"), alleging violations of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, conspiracy, vehicular assault, intentional infliction of emotional distress, and reckless endangerment. ECF No. 1-1 at 1–2. The only facts tied to these claims are that on December 28, 2019 and May 29, 2020, "in anticipation of future legal proceedings related to criminal activity, the Defendants conspired to

use data related to Clarence Daniels Jr's location to coordinate traffic signals and position the vehicle drive by Morgan ALEXA Brown to intimidate and cause Clarence Daniels Jr bodily harm."[1]  *Id.* at 1–2.

Based on the Court's review of the Complaint, it appears that venue is improper.  Plaintiff bears the burden of demonstrating that venue is proper.  *See Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979).  "Venue is determined at the time the action is commenced." *Haney v. United Airlines, Inc.*, No. 15-CV-00474-VC, 2016 WL 11576197, at *1 (N.D. Cal. Aug. 3, 2016) (citations omitted).  The Court may sua sponte raise improper venue so long as the defendant has not filed a responsive pleading and the parties are provided with an opportunity to respond to the issue.  *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986) (citations omitted); *Emrit v. Horus Music Video Distribution*, No. CV 20-00007 JMS-RT, 2020 WL 1822597, at *3 (D. Haw. Apr. 10, 2020) (stating that "[a] district court may raise the issue of defective venue on its own motion, provided it first issues an order to show cause why the case should not be transferred or dismissed" (citations omitted)); *Havensight Capital LLC v. People's Republic of China*, CV 15-01206 DDP (FFMx), 2015 WL 12778414, at

---

[1] Plaintiff also includes with his Complaint a "Statement of Fact Addendum" containing a broad range of incidents occurring between 2014 and 2022 that involved a number of individuals and entities.  ECF No. 1-2.  Only two of the 54 paragraphs in the addendum relate to the facts cited with his claims.  ECF No. 1-2 ¶¶ 15, 19.

\*1 n.1 (C.D. Cal. Apr. 30, 2015); *Zhu v. Whinery*, 109 F. App'x 137, 138 (9th Cir. 2004) (affirming dismissal of case based on improper venue following an order to show cause).

A federal civil action is properly venued in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  For the purposes of venue, a natural person is deemed to reside in the judicial district in which he or she is domiciled, whereas a defendant entity is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction with respect to the pertinent civil action.  *See* 28 U.S.C. § 1391(c)(1)–(2).

Here, the Complaint does not allege any basis for venue in Hawaiʻi.  First, none of the parties "reside" in Hawaiʻi.  Plaintiff provides Charlotte, North Carolina addresses for the individual Defendants and there is no indication that the entity Defendants are subject to the court's personal jurisdiction with respect to

this case. Second, no events or omissions giving rise to the claims in this action occurred in Hawaiʻi.[2]

Where, as here, Plaintiff asserts a RICO claim, the Court also considers RICO's special venue provision, which authorizes any civil enforcement action to be brought "in the district court of the United States for any district in which [a defendant] resides, is found, has an agent, or transacts his affairs." 18 U.S.C. § 1965(a). "Transacts his affairs" requires "business of a substantial and continuous character." *King v. Vesco*, 342 F. Supp. 120, 124 (N.D. Cal. 1972); *see also Taal v. St. Mary's Bank*, No. 5:19-CV-25, 2019 WL 8349005, at *5 (D. Vt. Dec. 10, 2019) ("Section 1965(a) 'requires that the affairs transacted in the district be substantial.'" (quoting *Corso v. Franz*, No. 16-CV-2384, 2018 WL 1513639, at *2 (E.D.N.Y. Mar. 27, 2018)); *Pincione v. D'Alfonso*, 506 F. App'x 22, 24 (2d Cir. 2012) (requiring business to "be substantial in character, so that there is some amount of business continuity and certainly more than a few isolated and peripheral contacts with the particular judicial district" (citations and quotations omitted)). As already discussed, the individual Defendants do not reside in

---

[2] Plaintiff references Honolulu International Airport and Oahu Community Correctional Center as locations where he was subject to chemical weapon assaults, ECF No. 1-2 ¶ 12, but this conclusory statement has no bearing on the factual allegations related to his claims, which did not occur in Hawaiʻi.

Hawaiʻi, nor does Plaintiff allege that the entity Defendants transact their affairs or have agents in Hawaiʻi.

For these reasons, it appears that venue is improper. When venue is improper, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *see also Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 56 (2013) (explaining that when venue is improper, "the case must be dismissed or transferred under § 1406(a)"). Accordingly, **by August 8, 2022**, Plaintiff is ORDERED TO SHOW CAUSE why this action should not be dismissed or transferred for improper venue. Alternatively, if Plaintiff no longer wish to pursue this action in Hawaiʻi, he may submit a notice of dismissal in conformance with Local Rule 41.1 voluntarily dismissing this action without prejudice **by August 8, 2022**.

Plaintiff is cautioned that failure to establish that venue is proper or to comply with this Order to Show Cause in any respect will result in the dismissal of this action without prejudice.

IT IS SO ORDERED.

DATED:   Honolulu, Hawaiʻi, July 8, 2022.



Jill A. Otake
United States District Judge

Civil No. 22-00296 JAO-RT; *Daniels v. Nationwide Gen. Ins. Co., et al.*; ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED OR TRANSFERRED FOR IMPROPER VENUE