IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CLARENCE DANIELS JR.,<br><br>Plaintiff,<br><br>vs.<br><br>NATIONWIDE GENERAL INSURANCE COMPANY, et al.,<br><br>Defendants. | CIVIL NO. 22-00296 JAO-RT<br><br>ORDER DISMISSING ACTION |

**ORDER DISMISSING ACTION**

On July 7, 2022, pro se Plaintiff Clarence Daniel, Jr. ("Plaintiff") commenced this action against Defendants Nationwide General Insurance Company, the City of Charlotte, the Charlotte Department of Transportation, Thomas Anthony Brown, and Morgan Alexa Brown (collectively, "Defendants"), alleging violations of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, conspiracy, vehicular assault, intentional infliction of emotional distress, and reckless endangerment. ECF No. 1-1 at 1–2. The only facts tied to these claims are that on December 28, 2019 and May 29, 2020, "in anticipation of future legal proceedings related to criminal activity, the Defendants conspired to use data related to Clarence Daniels Jr's location to coordinate traffic signals and

position the vehicle drive by Morgan ALEXA Brown to intimidate and cause Clarence Daniels Jr bodily harm."[1]  *Id.* at 1–2.

Based on its review of the Complaint, the Court found that venue appears to be improper.  ECF No. 6.  The Court ordered Plaintiff to show cause why the action should not be dismissed or transferred for improper venue, or, if he no longer wishes to pursue this action in this district, to voluntarily dismiss this action without prejudice, by August 8, 2022.  *Id.* at 5.  The Court cautioned Plaintiff that his failure to establish that venue is proper or to comply with the OSC in any respect would result in the dismissal of this action without prejudice.  *Id.*  To date, Plaintiff has not responded.  Accordingly, the Court DISMISSES this action without prejudice for improper venue and pursuant to Federal Rule of Civil Procedure ("FRCP") 41(b).

**A.    Dismissal For Improper Venue**

Plaintiff bears the burden of demonstrating that venue is proper.  *See Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979).  "Venue is determined at the time the action is commenced."  *Haney v. United Airlines, Inc.*, No. 15-CV-00474-VC, 2016 WL 11576197, at *1 (N.D. Cal.

---

[1] Plaintiff also includes with his Complaint a "Statement of Fact Addendum" containing a broad range of incidents occurring between 2014 and 2022 that involved a number of individuals and entities.  ECF No. 1-2.  Only two of the 54 paragraphs in the addendum relate to the facts cited with his claims.  ECF No. 1-2 ¶¶ 15, 19.

Aug. 3, 2016) (citations omitted). The Court may sua sponte raise improper venue so long as the defendant has not filed a responsive pleading and the parties are provided with an opportunity to respond to the issue. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986) (citations omitted); *Emrit v. Horus Music Video Distribution*, No. CV 20-00007 JMS-RT, 2020 WL 1822597, at *3 (D. Haw. Apr. 10, 2020) (stating that "[a] district court may raise the issue of defective venue on its own motion, provided it first issues an order to show cause why the case should not be transferred or dismissed" (citations omitted)); *Havensight Capital LLC v. People's Republic of China*, CV 15-01206 DDP (FFMx), 2015 WL 12778414, at *1 n.1 (C.D. Cal. Apr. 30, 2015); *Zhu v. Whinery*, 109 F. App'x 137, 138 (9th Cir. 2004) (affirming dismissal of case based on improper venue following an order to show cause).

A federal civil action is properly venued in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

3

28 U.S.C. § 1391(b).  For the purposes of venue, a natural person is deemed to reside in the judicial district in which he or she is domiciled, whereas a defendant entity is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction with respect to the pertinent civil action.  *See* 28 U.S.C. § 1391(c)(1)–(2).

Here, the Complaint does not allege any basis for venue in Hawaiʻi.  First, none of the parties "reside" in Hawaiʻi.  Plaintiff provides Charlotte, North Carolina addresses for the individual Defendants and there is no indication that the entity Defendants are subject to the court's personal jurisdiction with respect to this case.  Second, no events or omissions giving rise to the claims in this action occurred in Hawaiʻi.[2]

Where, as here, Plaintiff asserts a RICO claim, the Court also considers RICO's special venue provision, which authorizes any civil enforcement action to be brought "in the district court of the United States for any district in which [a defendant] resides, is found, has an agent, or transacts his affairs."  18 U.S.C. § 1965(a).  "Transacts his affairs" requires "business of a substantial and continuous character."  *King v. Vesco*, 342 F. Supp. 120, 124 (N.D. Cal. 1972); *see*

---

[2]  Plaintiff references Honolulu International Airport and Oahu Community Correctional Center as locations where he was subject to chemical weapon assaults, ECF No. 1-2 ¶ 12, but this conclusory statement has no bearing on the factual allegations related to his claims, which did not occur in Hawaiʻi.

*also Taal v. St. Mary's Bank*, No. 5:19-CV-25, 2019 WL 8349005, at *5 (D. Vt. Dec. 10, 2019) ("Section 1965(a) 'requires that the affairs transacted in the district be substantial.'" (quoting *Corso v. Franz*, No. 16-CV-2384, 2018 WL 1513639, at *2 (E.D.N.Y. Mar. 27, 2018)); *Pincione v. D'Alfonso*, 506 F. App'x 22, 24 (2d Cir. 2012) (requiring business to "be substantial in character, so that there is some amount of business continuity and certainly more than a few isolated and peripheral contacts with the particular judicial district" (citations and quotations omitted)).  As already discussed, the individual Defendants do not reside in Hawaiʻi, nor does Plaintiff allege that the entity Defendants transact their affairs or have agents in Hawaiʻi.

    For these reasons, venue is improper.  When venue is improper, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a); *see also Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 56 (2013) (explaining that when venue is improper, "the case must be dismissed or transferred under § 1406(a)").  "The language of [§] 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue."  *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962).  And it accords "with the general purpose . . . of removing whatever obstacles may impede an expeditious and orderly adjudication of cases and

controversies on their merits." *Id.* at 466–67.  The Court enjoys discretion in electing to dismiss or transfer.  *See King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992).

In deciding whether to dismiss or transfer, the Court considers "whether the relevant statute of limitations has expired, whether judicial economy would be promoted, whether the action would be re-filed if the case were dismissed, and the relative injustice imposed on the plaintiff and defendant."  *Grain Millers, Inc. v. Pac. Flexpak, Co.*, No. 07-CV-1065-AS, 2008 WL 550124, at *2 (D. Or. Feb. 26, 2008).  Exercising its discretion, the Court DISMISSES the action without prejudice pursuant to § 1406(a).

## B.     Dismissal For Failure to Respond to the OSC

This action may additionally be dismissed for failure to comply with the OSC.  Courts do not take failures to prosecute and failures to comply with Court orders lightly.  FRCP 41(b) authorizes the Court to sua sponte dismiss an action for failure "to prosecute or to comply with [the federal] rules or a court order."  Fed. R. Civ. P. 41(b); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).  Unless the Court in its order for dismissal otherwise specifies, a dismissal under this rule operates as an adjudication upon the merits.  *See* Fed. R. Civ. P. 41(b).

To determine whether dismissal is appropriate, the Court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).  Although the Court recognizes that Plaintiff is proceeding pro se, he is not exempt from complying with all applicable rules.  Local Rule 81.1(a) ("Pro se litigants shall abide by all local, federal, and other applicable rules and/or statutes.").

In view of Plaintiff's violation of the OSC, and failure to prosecute, the Court finds that the *Pagtalunan* factors support dismissal of this action.  The public's interest in expeditious resolution of this litigation strongly favors dismissal, as does the Court's need to manage its docket.  *See Pagtalunan*, 291 F.3d at 642 (citing *Ferdik*, 963 F.2d at 1261).  Moreover, there is no risk of prejudice to Defendants, as it appears that they have yet to be served.  Finally, there are no less drastic alternatives available at this time.  The Court gave Plaintiff an opportunity to establish that venue is proper and cautioned that his failure to do so would result in the dismissal of this action, yet he failed to respond.

The Court concedes that the public policy favoring disposition of cases on their merits weighs against dismissal. However, considering the totality of the circumstances and because the preceding factors favor dismissal, this factor is outweighed. Therefore, dismissal of this action without prejudice is also warranted pursuant to FRCP 41(b).

## CONCLUSION

For the reasons stated herein, this action is DISMISSED without prejudice pursuant to § 1406(a) and FRCP 41(b).

IT IS SO ORDERED.

DATED:   Honolulu, Hawaiʻi, August 10, 2022.



Jill A. Otake
United States District Judge

Civil No. 22-00296 JAO-RT; *Daniels v. Nationwide Gen. Ins. Co., et al.*; ORDER DISMISSING ACTION